19-3162 from the District of Minnesota, Constance Onyiah v. St. Cloud State University et al. Mr. Anderson we'll hear from you first. Good afternoon, may it please the court, my name is Jordan Anderson. The plaintiff in this employment discrimination case and retaliation case was Dr. Leonard Onyiah who passed away earlier this summer. His widow Mrs. Constance Onyiah has been substituted as a party in this case for the late Dr. Onyiah and she presses this appeal in his stead. Although a significant portion of Dr. Onyiah's appeal focused on the summary judgment standard and the facts which were improperly construed by the district court in favor of the movements rather than against the movements, with the limited time that we have today I would like to focus the on the most important issue which the court must decide and that is whether the Civil Rights Act of 1991 abrogated the United States Supreme Court's decision and holding in the 1989 case Jett v. Dallas Independent School District which is 491 U.S. 701. This is a matter of first impression for this court. The state of Minnesota will argue that this court has already considered and rejected the appellant's argument based on the statement in Artis v. Francis Howell which quoting Jett noted that the plaintiff in that case had brought his claim under section 1983 because quote a federal action to enforced rights under section 1981 against the state actor may only be brought pursuant to section 1983. This quotation from Jett was neither necessary nor germane to the resolution of any of the issues raised in Artis and was not briefed or argued by either party and is therefore not a prior holding of this court which would be binding on this court. Can I ask you about the record on this which is my understanding is the magistrate judge addressed it in the report and recommendation your section 1981 slash section 1983 claim. It then goes up to the district court and you affirmatively argued in the in the memoranda before the district court that in fact section 1983 was the avenue to vindicate the section 1981 claims. So was this ever raised before the district court? It was raised before the district court and I section 1981 claims directly in the motion to dismiss at the very beginning of the case and since those claims had already been dismissed and the case hadn't been appealed and it wasn't yet right for appeal the arguments that were made to the district court regarding section 1983 in the summary judgment pleadings were were not accepting or you know releasing that claim or the addressing the remaining issues that were in the case. Can you point to anywhere where affirmatively in the record you argued to the district court either the motion to dismiss or summary judgment stage by the precise argument you're making today? I cannot at this point point directly to the to the to the record. I believe that the motion to dismiss was argued by my co-counsel Mr. Casey Okole to the district or to the to the magistrate court and the decision was affirmed however we didn't we didn't make an appeal to the district court on the magistrate courts decision because the the matter is an issue of law and not related any factual determinations and therefore we... In the matter before the magistrate judge did you raise this argument at that point? No I believe that we that we discussed the efficacy of section 1981 it wasn't as as formally briefed as as the argument is here before the court now however the the applicability or the right to sue under section 1981 was pleaded in the in the initial case which was pro se before our client had any representation and was not voluntarily dismissed it was challenged and I believe that the that the law in the cases that we have here support that position that was taken at that time. May I continue or is there more questions about that issue? Not for me. Proceed. Proceed. Okay so 42 USC 1981 is the impressive form of what was originally section 1 of the Civil Rights Act of 1866 passed by Congress prior to even the enactment of the 14th Amendment although the statute was originally enforceable only against states by 1976 it was well established that section 1981 prohibited racial discrimination in the making and enforcement of private contracts as well as public contracts this is acknowledged and affirmed in the Supreme Court case Runyon versus McRae which is cited in our briefs as well and discussed at some length there the authority for section 1981 is the 14th Amendment which specifically provides in section 1 that no state shall deny to any person within its jurisdiction the equal protections of the law and authorizes at section 5 Congress shall have the power to enforce by appropriate legislation the provisions of this at the time the jet was decided the section 1981 provided only that all persons within the jurisdiction of the United States shall have the same rights in every state and territory to make and enforce contracts to sue to be parties and give evidence in the full equal protection and benefits of the law and providing and proceedings with the security of persons and property and but enjoyed by white citizens the expression or the express actions at law provided by section 1983 for the deprivation of rights secured by the Constitution and the laws provided the exclusive federal damages remedy for the violation of the rights guaranteed by section 1981 when the claim is pressed against the state actor the Civil Rights Act of 1991 was the Republican sponsored bipartisan legislative response to quote recent decisions of the Supreme Court by expanding the scope this is the intentions to expand the scope of relevant civil rights statutes in order to provide adequate protection for the victims of discrimination the findings of the legislature was that quote legislation is necessary to provide additional protections against unlawful discrimination in employment these statements of findings and a purpose are specifically the notes appended to section 1981 and not to any other section your sister circuits have nearly all addressed this exact question and for the most part I respectfully submit have failed to give the plain language of the statute it's appropriate authority when taken in context with say with three 1989 Supreme Court decisions which affected the right of the rights of a black man employed by a state to sue for racial discrimination in federal court those cases being jet and Patterson versus McLean and will versus Michigan Department of State Police will interpreted section 1983 in light of the 11th amendment to say that no action for money damages could be maintained directly against the state or any individuals acting in their official capacity because Congress had not made its clear intention to exercise its power under the 14th amendment creating such a right Patterson interpreted section 1981 to limit what constituted the making of a contract to the initiation of the contract and not the acts that follow the contract formation and implied that section 1981 may not apply to private contracts in the same way that it did to public contracts suggesting a limitation of the case running jet interpreted section 1981 as an insufficient statement from the legislature of its intent to create a cause of action against the state independence of section 1983 and therefore held that only as it related to state or state actors section 1981 did not create a claim or a cause of action for money damages directing any claims of discrimination under section 91 1981 to be filed under section 1983 together these three cases created the legal condition whereby dr. Onya as an employee of the state of Minnesota was unable to seek money damages for employment discrimination under section 1981 or section 1983 unlike any other employment discrimination plaintiff the legislature made absolutely no modifications of section 1983 in the Civil Rights Act of 1991 instead they amended section 1981 which the jet holding determined was lacking in sufficient language to notify the courts that the legislature intended to create a cause of action against states or against private employers the modification of section 1981 was brief subdivision B was added to over to overrule the holding in Patterson and section 1981 section C was added which provides protections against impairment the rights protected by this section are protected against impairment by non-governmental discrimination and impairment under the color of state law each of your sister circuits to rule on this issue have determined that the addition of subdivision C is reflected in the legislative history as an intent to codify the holding in Runyon rather than to overrule the holding in jet your sisters circuits have come to this conclusion honestly but because of the review of the legislative history because of their review of the legislative history that reveals no reference to jet however the appellant respectfully submits that the holding in Runyon being affirmed by this language specifically that portion of Runyon which is pardon me the the holding in Runyon being affirmed by this by this language is specifically that portion of Runyon which implicitly overruled which was implicitly overruled by jet which held that 1981 provides a separate cause of action identically against both private action and state action so affirming or codifying the holding in Runyon by adding subdivision C to section 1981 leaves undisturbed the holding in will which limits the scope of section 1983 and instead can only be understood if it is to have any meaning whatsoever as the codification of Runyon by overruling jet I would like to reserve the remainder of my time but I'd also like to answer any questions that you have. Very well thank you for your argument. Mr. Weiner we'll hear from you. Thank you your honors and may it please the court the defendants respectfully request that the court affirm the grant of summary judgment and the grant of the motion to dismiss by the district court in this matter the continually shifting legal bases in this case have obscured a pretty straightforward matter first of all as an initial place the plaintiff has abandoned his discrimination claim he never raised any points about discrimination in his notice of appeal he never raised discrimination in any of the issues presented to the court it's not been presented in the briefs or in the reply in fact the briefs never even cite the standard for a discrimination claim anywhere in there and for this reason alone the discrimination claim should be dismissed similarly as it relates to the retaliation claim whether it's brought under section 1981 whether it's brought under section 1983 the district court ruled that there was no evidence of causation and the plaintiff has not in any way address that in his arguments and to before the court and for that reason they've waived that as well and the court should summarily affirm the grant for summary judgment on both of those issues for those reasons additionally as it relates to the merits of this case the court found there was no materially adverse action and that is a correct finding the scheduling that is an issue in this case whether mr. Onia could teach the schedule that he wanted is an academic prerogative and the controlling case law in the circuit says that not being able to teach your preferred schedule is not an adverse action and the same is true with the other piece that he raised which is the denial of certain learning assistance to him that similarly doesn't rise to the level of an adverse employment action. I do have one question about that if I could and that is in terms of what reasonable inferences dr. Onia is entitled to and why wouldn't it be a reasonable inference for the professor that the professors that were in charge of scheduling for them to be aware of the fact that he would be harmed by the loss of textbook revenue if he couldn't teach a class that required his book. Well your honor I think that what we're talking about here are very a number of levels of speculation as to what's going to happen there the first is was there going to be an additional section of this class that was going to be taught if so does that mean that there were going to be more students taking a class under mr. Onia if they did that as opposed to his online course and does that assume that all of those students would have purchased the textbook that would have resulted in royalties to mr. Onia there is not evidence that's been presented in the record about that and it's pure speculation as to that point so I agree that reasonable inferences should go in mr. Onia's favor but in this case I think what we're talking about here this downstream effect theory I'm not aware of any case law that supports that theory and I'm not aware of this the evidence that's been presented in the record that would support that as well similarly there's been a claim that the evidence or that the reason given for the scheduling the student needs and the needs of the of this of the college our pretext for retaliation and they based that largely on the busky declaration which that declaration as the court found is entirely consistent with this position testimony and consistent with this court's holding in the bass case finally I can and I will address the 1981 claim and whether there's a a separate cause of action for that plain and simply sovereign immunity prevents this court from inferring causes of action where the legislature hasn't explicitly stated that and in this case every circuit that has looked at this issue specifically has determined that there is not a separate cause of action under 1981 and similarly then this court in its artist decision found it so improbable that there would be any change it didn't even address the issue and firm and just continue to apply jet as it should have in the relation to the section 1981 claim what's your view about whether this issue is actually before us your honor I I'm not sure that it is I I came into this case as at the appeals level I didn't litigate the case below and I have only seen the appendix that's here I don't see mention of the argument in the appendix but again I don't know for sure what was argued before and what was argued in front of the court because I wasn't there so I don't see anything prior and I don't see an argument that was a directly addressed by the court in the for sure so I can't say for sure whether or not that's the case or not the facts in the case as it relates to these claims are very simple and very clear dr. Onya sued just gone back on that point as I understand it the state moved to dismiss the 1981 claim right and then the judge said there's no cause of action correct your honor I just what I don't know in looking at the briefing I haven't looked at the briefing in this it's not in front of the it's not in the appendix it's not in the record that I've looked at so I don't know whether the plaintiff in this matter actually raised that in the briefing with the court or not I know that we brought the claim under artists and district court cases that have related to that but whether or not this argument that there has been some amendment as a result of the or the change the law as a result of the amendment to the Civil Rights Act I'm not I'm not aware whether or not that's been brought before the court I just honestly don't know the answer to that question when he when he was supposed to have argued that but I guess it would depend whether the state argued that well I think it trolled or something and then maybe he should have responded to that but you don't know I think you're on look at the record ourselves go ahead go ahead with your I'm sorry about that your honor yes in terms of the facts this all arises out of this this claim of discrimination lawsuit that was brought in 2007 by dr. Onya against St. Cloud State in 2012 this court dismissed all the claims affirmed the dismissal and it was done at that point none of the defendants in this matter the individual defendants none of them were defendants in the prior action and they weren't involved in any way based on the record in front of the court and the matter prior so this really comes down to the allegedly adverse employment action which is the scheduling issue in December of 2013 so over a year later there was a scheduling issue where there was a cap on a class students needed to take a class for graduation the school presented a couple options about perhaps creating a new class for dr. Onya to teach and in getting at the situation ultimately decided to simply lift the cap on the current cap class so that students could take that and no need to create a whole nother section to go forward that's the material action in this case and the only evidence in a response to that is plaintiffs affidavit which he has submitted but the affidavit 31 pages is largely lacking in foundation and as the district court found it's largely on its long on invective but at the summary judgment stage accusations must surrender to evidence and the evidence based on the affidavit and dr. Onya's testimony is that he had no knowledge about why any of the decisions were made and there is nothing to dispute the reasons given by the defendants in this case again the discrimination claim we've heard the word discrimination we heard it at the beginning of the argument here it's mentioned a couple times in the brief but there is no argument on the discrimination claims anywhere in the brief it's not in the notice of appeal it's not in the statement of issues it's not addressed in either brief and the Jasperson case is very clear that parties failure to raise or discuss an issue in his brief is to be determined is to be deemed an abandonment of that issue for that very reason the discrimination claim must be dismissed and the district court affirmed the same is true on the retaliation claim the district court granted summary judgment for three reasons one was the material the adverse material action second was causal connection and the third was pretext causal connection was not addressed anywhere in the plaintiff statement of issues it was not addressed anywhere in plaintiff's initial brief and it was addressed very briefly I think it's two sentences in the reply brief at page 5 where the argument is well he had a prior lawsuit and therefore everything else that happened afterwards must have been retaliation that's not what the law says there's no case law for that and as this court very recently in July said in the prival versus County of Wright 964 f3rd 793 case when there's no meaningful argument and the opening brief that results in a waiver and in that case the plaintiff at least identified the issue in the statement of issues and then didn't argue about it here it wasn't even identified in the statement of issues it's not before the court the causation and the court should affirm grant a summary judgment on that alone in terms of the merits there there was no material adverse action this court in the reccio versus Creighton University case was very clear that the scheduling decisions do not rise to the level of a material adverse action and there were a number of cases we cited out of Tennessee Connecticut New York in Indiana that are very similar to this as well and as I said that downstream effect of the textbook does not apply what we're talking here is simply speculation that there may have been some kind of damage to him but speculation doesn't create an issue of fact for summary judgment finally on pretext the busky affidavit simply fills in testimony based on a document what was asked of him at the deposition was as you sit here today do you know why this decision was made and the answer was no the decision was made five years prior and quite simply the witness didn't remember that there were documents related to this they were in the plaintiff's possession they were not presented to the witness in any way shape or form and at summary judgment he was presented with that document he was given the opportunity to allow it to refresh his recollection and then at that point based on and you can see this in our appendix 705 to 707 the email communication contemporaneous in December of 2013 largely explains exactly why this decision was made and and dr. Buskey's testimony is simply consistent with that there was an extended colloquy with the district court between plaintiff's counsel in the court about this issue and that's at the appendix at page 635 to 38 and there was no abuse of discretion and the judge's consideration of that the bass case applies here and additionally the Colosimo case out of Iowa is similarly applicable in that case the additional information was provided based on refreshing recollection from a document and based on that in the contemporaneous document of the time the court found that the consideration of the affidavit was not contradictory with the prior deposition testimony finally because plaintiff has spent so much time talking about the section 1981 claim I do want to address that there are no claims available to the plaintiff a separate cause of action under section 1981 it's the 11th amendment and that does that the plaintiff is correct that the artist case didn't directly address the argument that he's raised here the reason for that is there was no reason to do so it is very clear that this has always been the case and there's nothing about the Civil Rights Act and the amendments to the Civil Rights Act that changed the law in this place every circuit that has looked at this issue and has addressed this issue has found that nothing in the civil rights amendments addressed or revised section 1981 to allow a separate private separate cause of action under that statute and even the Ninth Circuit which is the one circuit that allows it as it relates to municipalities does not allow it as it relates to states and state entities like the individuals in this case I think what's really helpful is looking at the Duplan case out of the Second Circuit that would be this the most recent Court of Appeals decision on this issue and they found that there was no change here for a couple very clear first there was no legislative intent to change this the create a separate cause of action under section 1981 what we see here is a specific reference to the Runyon case we see a specific reference to the Patterson case there is no reference in the Senate or in the house to the Jett case second as that court the Duplan court points out there is a difference between the creation of remedies and 19 section 1983 has been the exclusive way to bring a claim against state entities the remedy we're talking about here and what we're at what the plaintiff is asking for is a huge change in the remedies available money damages against state entities based on the civil rights statute and the idea that the Congress changed the statute to allow that with no clear indication in the language of the legislative history simply does not make any sense and finally as the Supreme Court has said it discourages implying rights of action without clear legislative intent and we don't have that in this case as this court has repeatedly said not everything that makes an employee unhappy is an adverse action we are six years into this litigation and it's a it's a perceived slight and search of a legal theory the some of which have been waived and abandoned because they were never appealed and all of which were properly granted by the district court and the district court or the state respectfully request that the court affirm the decisions of the district court and unless the court has any other questions I'll see the remaining couple seconds of my time thank you for your argument mr. Anderson we'll hear from you in rebuttal thank you your honors the the first thing that I'd like to respond to is this argument that the that the state of Minnesota has propounded that points out to the court to your that your other circuits have found that there was no change to the rights or remedies available under section 1981 based on their review of the legislative intent or the lack of a legislative intent by reviewing the the legislative history the legislative before you jump into that I want to I want to get back to the the waiver argument so I sort of track this track this through and the magistrates reported recommendation it says and this is the holding this is why it was dismissed with prejudice page 11 therefore to the extent plaintiff intended to pursue retaliation claims the plaintiff must do so under section 1983 and not under section 1981 the magistrates report recommendation directly address the claim you're now making and you didn't object to that and you adopted it in your summary judgment motion so I'm again I'm trying to figure out why you didn't object to it and why you never raised it it was not something that we needed to object to and if we didn't raise it at that point because the substantial amount of the rest of the case had gone forward in any case the the specific requirement for us or for my client on that issue I believe I have here the reason why I'm asking is we don't usually address things the first time on appeal when you had every opportunity to raise it before both the judge made that determination it wasn't there wasn't wasn't raised to the magistrate judge whether or not my client could pursue a claim under section 1981 the magistrate and the district court affirmed that the jet was the controlling case law on that issue and so there was there was no need to further litigate it at that point the the question before the court is does section 81 give a person the right to pursue a claim or not and that that's a cause of action that's created by statute that's that's dismissed with prejudice in the district court is rightly appealed and it was preserved for this court for appeal the both parties have fully briefed this issue now and have made considerably more elaborate or more thorough arguments but there's no requirement to appeal or raisin or to object to a recommendation and report in order to preserve the arguments if they are determined on a legal standard because the the law the the case law on the issue doesn't require it and that wasn't even argued by by the state of Minnesota I I see that I'm out of time answering this question and so I'd like to respectfully request that the court reverse and remand this case on all of the grounds as argued in the briefing very well thank you for your argument thank you to both counsel for your presentations today the case is submitted and the court will file an opinion in due course that concludes the argument calendar for